UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MARK HOLLIDAY, STEVE BRADLEY,
CHARLES P. VALENTINE, DAVID
ALEXANDER, JAMES D. ANDERSON,
NELDA WILSON, TONY D. STEELMAN,
and JAMES M. WRIGHT, Trustees for the
AGC-International Union of Operating
Engineers, Local 701, Trust Funds,

        Plaintiffs,

  v.                                       Civil No. 08-1490-HA

POK WAN CONTRACTING,               OPINION AND ORDER
 an Oregon corporation,

        Defendant.
_____

HAGGERTY, District Judge:

       Plaintiffs bring a Complaint against defendant Pok Wan Contracting seeking delinquent employee benefit trust contributions owed to plaintiffs under a settlement agreement. Plaintiffs filed a Motion for Partial Summary Judgment [9] requesting oral argument. This court, having reviewed the parties' arguments and the record, concludes oral argument is not necessary. For the following reasons, plaintiffs' Motion for Partial Summary Judgment is granted in part.

1 - OPINION AND ORDER

**BACKGROUND**

The following facts are undisputed unless otherwise noted and are stated in the light most favorable to defendant.

Plaintiffs are trustees of the AGC-International Union of Operating Engineers, Local 701 (Union), Health and Welfare, Pension, Vacation and Training Trust Funds (Trust Funds). The Trust Funds were created pursuant to collective bargaining agreements. Defendant is an Oregon corporation engaged in the construction industry.

On September 21, 2005, plaintiffs filed a lawsuit in this court. *See Holliday, et al. v. Pok Wan Contracting, Inc.,* Civil No. 05-1459-AS. Plaintiffs alleged that defendant was subject to a collective bargaining agreement with the Union and was liable for fringe benefit contributions, interest, liquidated damages, and attorney fees.

On February 8, 2008, the parties entered into a settlement agreement (Agreement) whereby defendant was to make a series of payments to plaintiffs. In relevant part, the Agreement provided that defendant "shall pay plaintiffs $107,520" and "the defined benefit contributions covering the time period from October 1, 2007, through December 31, 2007, with regard to any of defendant's employees performing work within the jurisdiction of Local 701 during that time period." Ex. 1 to Decl. of Steven Goldbert at 1. The payments were to be made as follows: (1) a first payment of $45,000 was to be paid on or before February 22, 2008; (2) a second payment of $30,000 was to paid on or before June 30, 2008; and (3) a third payment for all remaining amounts due under the Agreement was to be paid on or before August 31, 2008.

The $107,520 was to be payment in full of defendant's obligations for 2005, 2006, and the first three quarters of 2007. Any payments not made on time were to accrue interest at a rate of twelve percent per annum from the payment due date. The Agreement provided that attorney

2 - OPINION AND ORDER

fees should be awarded to the prevailing party in any legal action brought for the interpretation or enforcement of the Agreement.

The first payment of $45,000 was timely made. However, the second payment was not made until July 24, 2008, and was only made for $25,000 rather than $30,000. On July 24, 2008, plaintiffs' delinquency coordinator wrote a letter to defendant demanding the additional $5,000 due for the second payment plus interest. Plaintiffs also provided defendant with an accounting for defined benefit contributions for October through December 2007 in the amount of $3,936. Defendant's accounting for that time period differs from plaintiffs and is at issue in this case. However, only the $107,520 debt is subject to this Motion for Partial Summary Judgment.

On September 8, 2008, plaintiffs received a check for $35,000 with an endorsement stating that acceptance of the check would constitute payment in full under the Agreement. Plaintiffs contend that defendant owed them $37,520 plus interest at that time on the remainder of the $107,520 debt. On September 8, 2008, plaintiffs also received a second check for $987 for the fourth quarter of 2007. The second check also stated that endorsement of the check would constitute payment in full under the Agreement. Plaintiffs cashed neither of these checks.

On September 11, 2008, plaintiffs requested payment of all amounts due under the Agreement and indicated that defendant owed plaintiffs an additional $5,569. Defendant contends that it did not owe plaintiffs an additional $5,569. On or about October 14, 2008,[1] defendant sent plaintiffs a check for $2,620 that also stated endorsement of the check would constitute payment in full under the Agreement. Plaintiffs contend that interest due on the

---

[1] It appears from the record that plaintiffs may have received this check on October 14, 2008. However, this is uncertain.

3 - OPINION AND ORDER

portion of the $107, 520 not paid on time is $3,101.60 through March 31, 2009.  Defendant contends that the $107,520 was paid in full and that no interest is due.

## STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

On summary judgment, the court must view the facts and draw inferences in the manner most favorable to the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  Plaintiff, the moving party, bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986).  Once the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 248-49.

## DISCUSSION

There is no dispute that defendant owed plaintiffs $107,520 pursuant to the Agreement.  There is also no dispute that payments were not made as set out by the Agreement.  The second payment was late and $5,000 short; and the third payment was also late and also insufficient.  Therefore, plaintiffs properly sued to enforce the Agreement with respect to the balance due on the original debt of $107,520.  Defendant can offer no plausible argument in support of its position that it owes plaintiffs no additional payments on the original debt.  The question before

4 - OPINION AND ORDER

the court therefore, is how much money to award plaintiffs.

Under Oregon law, an accord and satisfaction constitutes an affirmative defense to an action on the original debt. *Les Schwab Tire Ctrs. of Or., Inc. v. Ivory Ranch, Inc.,* 664 P.2d 419, 420 (Or. Ct. App. 1983). An accord and satisfaction "results where a debt is unliquidated or disputed in good faith, the debtor offers a sum on the condition that it be received as full payment and the creditor accepts it." *Id*. (citing *Kilander v. Blickle Co.,* 571 P.2d 503 (Or. 1977); *Edgley v. Jackson,* 554 P.2d 476 (Or. 1976) (holding that where a claim is unliquidated and in good faith disputed, the acceptance of a check endorsed "payment in full" operates to discharge the claim). "When given a 'full payment check,' the creditor has the simple choice of accepting the tendered compromise on the debtor's terms or returning the check and bringing an action on the original debt." *Les Schwab Tire Ctrs.*, 664 P.2d at 420.

Here plaintiffs did not cash any of the checks tendered by defendant after the check delivered on July 24, 2008. Plaintiffs did not cash the later checks because they did not wish to risk discharging the remainder of their unpaid claim. At this time, the checks remain uncashed and in plaintiffs' possession. Plaintiffs argue that they are entitled to full payment of the $37,520 remaining on the debt plus interest through the present date. This court disagrees.

Under Oregon law, an accord and satisfaction only operates where the amount of the debt is disputed in good faith. *See Kilander*, 571 P.2d at 504 ("creditor's acceptance of a payment tendered in full satisfaction of a disputed . . . claim can constitute an accord and satisfaction when the amount tendered is no greater than the debtor admits he owes"). Here, it is beyond dispute that the amount owed pursuant to the agreement was $107,520. Therefore, plaintiffs were free to cash those checks paid towards the $107,520 and then request payment on the remainder despite the endorsement that the checks purportedly constituted payment in full.

5 - OPINION AND ORDER

Plaintiffs could have cashed these checks upon receipt. Plaintiffs' decision to wait and then seek several months' interest on the remaining $37,520 is unsupported by the law.[2]

However, plaintiffs are owed some interest on the delinquent and insufficient payments. In particular, plaintiffs are owed interest on the $25,000 that was tendered twenty-four days late, the $5,000 that was tendered seventy days late, the $30,000 that was tendered eight days late, and finally, the $2,520 that was tendered at least forty-four days late. Plaintiffs are ordered to return all uncashed checks to defendant and defendant is ordered to provide plaintiffs with a check totaling $37,520 plus interest calculated at twelve percent on the above described delinquent payments.

Because defendant was delinquent in its payments and refused to tender the full $107,520 plus interest, and because plaintiffs have prevailed on their Motion for Partial Summary Judgment, this court is granting plaintiffs request for attorney fees.

## **CONCLUSION**

For the foregoing reasons, plaintiffs' Motion for Partial Summary Judgment [9] is GRANTED IN PART. Plaintiffs are awarded $37,520 plus the interest described above and attorney fees.

IT IS SO ORDERED.

Dated this   12   day of May, 2009.

                                                  /s/ Ancer L. Haggerty  
                                                        Ancer L. Haggerty  
                                                United States District Judge

---

[2] Plaintiffs' refusal to cash checks tendered towards the fourth quarter of 2007 was proper, as accepting those checks on the disputed claim would have constituted an accord and satisfaction.

6  - OPINION AND ORDER