UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK HOLLIDAY, STEVE BRADLEY,
CHARLES P. VALENTINE, DAVID
ALEXANDER, JAMES D. ANDERSON,
NELDA WILSON, TONY D. STEELMAN,
and JAMES M. WRIGHT, Trustees for the
AGC-International Union of Operating
Engineers, Local 701, Trust Funds,

        Plaintiffs,

    v.                                            Civil No. 08-1490-HA

POK WAN CONTRACTING,             ORDER
 an Oregon corporation,

        Defendant.

HAGGERTY, District Judge:

       Plaintiffs brought a Complaint against defendant Pok Wan Contracting seeking delinquent employee benefit trust contributions owed to plaintiffs under a settlement agreement (Agreement). Plaintiffs now advance a Motion for an Award of Attorney Fees [35]. For the following reasons, plaintiffs' Motion for an Award of Attorney Fees is granted.

1 - ORDER

**BACKGROUND**

On February 8, 2008, the parties entered into the Agreement whereby defendant was to make a series of payments to plaintiffs for fringe benefit contributions due under a collective bargaining agreement. Defendant failed to make those payments in a timely fashion and plaintiffs filed suit pursuant. The Agreement provided that attorney fees should be awarded to the prevailing party in any legal action brought for the interpretation or enforcement of the Agreement.

This court granted in part plaintiffs' Motion for Partial Summary Judgment and granted plaintiffs' request for attorney fees. Thereafter, the parties settled the remaining aspects of the suit. Plaintiffs now specify that their attorney fees total $10,080.

**DISCUSSION**

Defendant objects to plaintiffs' request for attorney fees on two grounds: (1) plaintiffs' award of attorney fees should be limited to the work done on the Motion for Partial Summary Judgment, and (2) the number of hours billed by plaintiffs' attorney is unreasonable.

The court first addresses defendant's objection that the fee award should be limited to the work done on the Motion for Partial Summary Judgment. Under 29 U.S.C. § 1132(g)(2)(D), the prevailing party in an action to recover benefits contributions shall be awarded "reasonable attorney's fees and costs of the action, to be paid by the defendant." Additionally, under the Agreement, the prevailing party was entitled to attorney fees. This court finds that plaintiffs were the prevailing party. This lawsuit was easily avoidable, but defendant inexplicably refused to pay plaintiffs amounts clearly owing under the Agreement. "Plaintiffs could not have prevailed on their Motion for Partial Summary Judgment without first filing this lawsuit, serving defendant, engaging in discovery, responding to defendant's discovery request, and attempting to

2 - ORDER

resolve this case with defendant's attorney."  Pls.' Reply 2.  Under statute, and by the terms of the Agreement, plaintiffs are entitled to attorney fees for the time spent litigating this action.

Defendant's objections to the thirty-one hours billed by plaintiffs' attorney during the course of this litigation are without merit.  This court has reviewed the request for attorney fees and finds it to be reasonable.

**CONCLUSION**

For the foregoing reasons, plaintiffs' Motion for Attorney Fees [35] is GRANTED. Plaintiffs are awarded $10,080 in attorney fees.  As ruled upon previously, the Bill of Costs [34] is also awarded to plaintiffs.

IT IS SO ORDERED.

Dated this   16   day of October, 2009.

                                              /s/ Ancer L. Haggerty  
                                                Ancer L. Haggerty  
                                     United States District Judge